ANTHONY A. FRIEDMAN (State Bar No. 201955)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: aaf@lnbyb.com

Attorneys for Alfred H. Siegel, Chapter 7 Trustee

**FILED & ENTERED**

**DEC 27 2016**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bakchell  DEPUTY CLERK**

<u>**NOT FOR PUBLICATION**</u>

**CHANGES MADE BY COURT**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>**ALLEN B. SHAY,**<br><br>               **Debtor.** | Case No. 2:12-bk-26069-RK<br><br>**Chapter 7**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION OF CHAPTER 7 TRUSTEE FOR ORDER:**<br><br>**(1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS;**<br>**(2) APPROVING OVERBID PROCEDURE;**<br>**(3) APPROVING PAYMENT OF REAL ESTATE BROKERS' COMMISSIONS;**<br>**(4) FINDING PURCHASERS ARE GOOD FAITH PURCHASERS; AND**<br>**(5) IF NECESSARY, DIRECTING THE UNITED STATES MARSHAL TO EVICT THE DEBTORS AND ANY THIRD PARTIES FROM THE REAL PROPERTY**<br><br><u>**Hearing Date**</u><br>**Date:** December 13, 2016<br>**Time:** 3:00 p.m.<br>**Place:** Courtroom 1675<br>          255 E. Temple Street<br>          Los Angeles, California 90012 |

1    The hearing (the "Hearing") on the motion of Alfred H. Siegel, solely in his capacity as the Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Allen B. Shay (the "Debtor"), pursuant to 11 U.S.C. §§ 105(a), 363(b), (f), and (m), and Rule 6004(a) of the Federal Rules of Bankruptcy Procedure, for an order (1) authorizing the Trustee to sell that certain real property located at 1175 Pine Bluff Drive, Pasadena, California and the adjacent raw land (collectively, the "Property") free and clear of liens, claims and encumbrances; (2) approving the overbid procedure set forth in the Motion; (3) approving the payment of the real estate brokers' commissions; (4) finding that the purchasers are good faith purchasers; and (5) if necessary, directing the United States Marshal to evict the Debtor and any third parties from the real property (the "Motion") filed on November 22, 2016 [Docket No. 168], came on regularly for hearing on December 13, 2016 at 3:00 p.m. in Courtroom 1675 of the above-captioned Court before the Honorable Robert N. Kwan, United States Bankruptcy Judge, presiding. Anthony A. Friedman, Esq. of Levene, Neale, Bender, Yoo & Brill L.L.P. appeared on behalf of Alfred H. Siegel, Chapter 7 Trustee for the bankruptcy estate of the Debtor (the "Trustee"). The Trustee appeared on his own behalf. The Debtor appeared on his own behalf. All other appearances were as noted on the record.

The Court having read and considered the Trustee's Notice of Motion [Docket No. 169], the Motion, the Memorandum of Points and Authorities thereto, the Declarations in support of the Motion, the Contract for Sale of Real Property which forms the basis of the Trustee's Motion [Docket No. 168]; the Notice of Sale of Estate Property (LBR 6004-2) [Docket No. 170], the Notice of Errata to the Motion [Docket No. 172], the conditional non opposition filed by Bank of America, National Association [Docket No. 173], the conditional non opposition filed by JP Morgan Chase Bank, National Association [Docket No. 175], the Debtor's opposition to the Motion [Docket No. 179], the Trustee's Motion to Strike the Debtor's late filed opposition (the "Motion to Strike") [Docket No. 181], having heard argument of the Debtor and counsel thereon, overbidding for the Property having taken place before the Court and on the record, and good cause appearing, therefor, the Court finds:

///

(a) The Court has jurisdiction over the motion pursuant to 28 U.S.C. §157 and §1334, and this matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A)&(N).

(b) The statutory predicate for the relief sought by the Trustee in his motion are §§105(a), 363(b), 363(f), 363(m) and Rule 6004(a) of the Federal Rules of Bankruptcy Procedure.

(c) The Trustee has demonstrated good, sufficient and sound business purpose and justification, and compelling circumstances for the Trustee's Motion and the proposed sale of the Property to the proposed buyers.

(d) The terms and conditions of the proposed sale, including the overbidding procedures, are fair and reasonable.

(e) Based on the testimony provided at the Hearing by the proposed buyers (Ken Huynh and Kristian Luong), the proposed buyers are good faith buyers under 11 U.S.C. §363(m) and, as such, are entitled to all the protections afforded thereby. The Trustee and buyers Ken Huynh and Kristian Luong are acting at arms-length and in good faith within the meaning of 11 U.S.C. §363(m).

(f) As evidenced by the affidavits of service, proper, timely and adequate and sufficient Notice of Motion has been given.

(g) Parties affected by the Motion who have not filed any opposition, pursuant to Local Bankruptcy Rule 9013-1(h), are deemed to have consented to the relief requested in the Motion.

(h) The granting of the Trustee's motion at this time is in the best interests of the Estate and its creditors.

**IT IS THEREFOR ORDERED:**

1. The Trustee's Motion is granted, in part.

2. The Motion to Strike is denied.

3. The Trustee's sale of the Property to Ken Huynh and Kristian Luong or their nominee ("Buyers") for $1,353,000.00 is granted and approved.

4. The Buyers are good faith buyers under 11 U.S.C. §363(m) and, as such, are entitled to all the protections afforded thereby.

5. The sale of the Property to Buyers is on an "as is, where is" basis, with no representations or warranties being made by the Trustee.

6. The sale of the Property to Buyers is free and clear of the following:

(A) A lien recorded in favor of Affiliated Funding Corporation on July 7, 2003 as instrument number 03-1994080 of Official Records and assigned to Bank of America, National Association, its successors or assigns ("<u>Bank of America</u>") by assignment recorded on June 5, 2012 as instrument number 12-836412 of Official Records; and

(B) A lien recorded in favor of Washington Mutual Bank, FA, a Federal Association, and its successors or assigns recorded on September 7, 2004 as instrument number 04-2298075 of Official Records and assigned to JP Morgan Chase Bank, National Association, its successors or assigns by assignment recorded on July 30, 2013 as instrument number 13-1111488 of Official Records.

7. The sale of the Property to Buyers is free and clear of the above liens, interests, encumbrances or claims as set forth in paragraph 6, above, with said liens, interests, encumbrances or claims, if any, to attach to the net proceeds from the sale to the same extent and priority as may currently exist.

8. On the terms and conditions set forth in the Motion, the Trustee is authorized to pay from escrow (a) the liens, interests, encumbrances or claims as set forth in paragraph 6(A), and 6(B), above, (b) all closing costs, (c) real property taxes, and (d) fees and brokers' commissions the Estate is obligated to pay in connection with the sale of the Property.

9. Bank of America shall be permitted to submit an updated payoff demand to the applicable escrow company facilitating the sale so that Bank of America's lien is paid in full at the time the sale of the Property is finalized. Further, in the event that the sale of the Property does not take place or Bank of America is not paid off in full or in accordance with any short sale approved by Bank of America, Bank of America shall retain its first priority lien for the full amount due under the Subject Loan (as that terms is defined in Bank of America's conditional

1 non opposition [Docket No. 173]).   Further, to the extent the Trustee disputes any amounts which Bank of America claims are owed on the Subject Loan, that the undisputed amount of Bank of America's lien will be paid at the close of the sale and for the disputed amount of Bank of America's lien to be segregated in an interest bearing account with an additional $10,000.00 in sale proceeds pending further Order of the bankruptcy court to allow for Bank of America's potential recovery of any of its reasonable attorneys' fees and costs incurred to the extent that Bank of America successfully establishes its right to the disputed amount due on its lien.

10.    The Trustee is authorized to execute such documents and take such action, as the Trustee deems appropriate to close and conclude the sale of the Property to Buyers.

11.    The relief sought in the Motion directing the United States Marshal to evict the Debtor and any third parties from the Property is denied without prejudice.  In the event that the Debtor fails to timely vacate the Property, the Trustee may apply to the Court for a writ of possession.

12.    The original proposed buyers under the Motion, Dmitry Tubis and Helen Kizler, who participated in the overbidding at the Hearing, elected not to serve as a back-up buyer in the event that the Buyers fail to perform and close the transaction for the sale of the Property.   As a result, the Trustee is authorized to cancel the escrow number 103948-AA at A&A Escrow Services, Inc. with Dmitry Tubis and Helen Kizler and the Trustee is further authorized to return to Dmitry Tubis and Helen Kizler their deposit of $36,000 upon entry of this Order.

13.    The 14-day stay prescribed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is waived.

14.    The court has considered the objections of Allen Shay, Debtor, to the form of order submitted by the Trustee, which objections reargue the merits of the amount of the exemption claimed by Debtor.  Even if the court considers the amount of the homestead exemption of $175,000 claimed by Debtor, there was reasonable business justification for the Trustee's decision to sell the property in that there would be net equity to realize for creditors based on the Debtor's own numbers, and based on the overbidding at the auction of the property, even assuming Debtor's claimed exemption amount, there was net equity realized for the estate

1  in the sale of the property. The court does not decide the amount of exemption claimed by
2  Debtor at this time since the issue was only raised as to whether the Trustee's sale motion was
3  supported by a reasonable business justification, though it appears as the Trustee argued at the
4  hearing on the motion, the amount of the exemption and the value of exemption in the subject
5  property are determined at the date of the petition. *See.* 11 U.S.C. § 522(a)(2) and (b)(3)(A); *In*
6  *re Chiu,* 266 B.R. 743, 751 (9th Cir. BAP 2001) ("It is well-established that the nature and extent
7  of exemptions is determined as of the date that the bankruptcy petition is filed."), *citing inter*
8  *alia, White v. Stump,* 266 U.S. 310, 313 (1924).

9  **IT IS SO ORDERED.**                    # # #

24  Date: December 27, 2016         _____
25                                  Robert Kwan
                                    United States Bankruptcy Judge