

FILED & ENTERED

JAN 13 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No.: 2:12-bk-26069-RK |
| ALLEN B. SHAY, | Chapter 7 |
| Debtor. | **ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART TRUSTEE'S MOTION TO SELL PROPERTY FREE AND CLEAR OF LIENS** |

Pending before the court is the motion of Debtor Allen B. Shay ("Debtor") for reconsideration of the order granting in part and denying in part the motion of the Chapter 7 Trustee Alfred H. Siegel ("Trustee") to sell property of the estate free and clear of liens under 11 U.S.C. § 363(f) ("Reconsideration Motion"), Electronic Case Filing Number ("ECF") 193, filed on December 23, 2016.  Trustee through counsel filed an opposition to the Reconsideration Motion.  ECF 209, filed on January 9, 2017.   The Reconsideration Motion came on for hearing before the undersigned United States Bankruptcy Judge on January 11, 2017 at 2:30 p.m.  Andrew Edward Smyth, of SW Smyth LLP, appeared for Debtor.  Anthony A. Friedman, of the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P. appeared for Trustee.

Having considered the Reconsideration Motion, the opposition, the argument of the parties at the hearing on January 11, 2016, and the record before the court, the court denies the Reconsideration Motion as explained below.

On December 13, 2016, the court conducted a hearing on Trustee's motion to sell property of the estate free and clear of liens under 11 U.S.C. § 363(f), ECF 168 ("Sale Motion"), filed on November 22, 2016. Debtor filed a written opposition to the Sale Motion, ECF 179, filed on December 8, 2016, and appeared at the hearing on December 13, 2016 and argued in opposition to the Sale Motion. Having heard the oral arguments of the parties at the hearing on December 13, 2016, the court orally ruled that it would grant the Sale Motion in part and deny it in part. On December 23, 2016, Debtor filed the Reconsideration Motion. ECF 193. On December 27, 2016, the court entered its order granting the Sale Motion in part and denying it in part. ECF 191, filed and entered on December 27, 2016. On January 3, 2017, Debtor filed his notice of appeal of the court's order granting the Sale Motion in part and denying it in part. ECF 199, filed on January 3, 2017.

In the instant Motion, Debtor requests that the court reconsider its order granting the Sale Motion in part and denying it in part, specifically asking that the order be "set aside." ECF 193 at 1-2. Debtor's notice of appeal filed on January 3, 2017 specifically indicated that Debtor is appealing the court's order granting the Sale Motion in part and denying it in part, which is the same order that is the subject of the Reconsideration Motion before this court. ECF 199 at 1-2.

Filing of a notice of appeal generally confers jurisdiction on the appellate court and divests the trial court of jurisdiction over the matters appealed. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 379 (1985)(citations omitted); *Davis v. United States,* 667 F.2d 822, 824 (9th Cir. 1982)(citations omitted). Here, Debtor's filing of the notice of appeal on January 3, 2017 conferred jurisdiction on the appellate court, the Bankruptcy Appellate Panel (though the court notes that Trustee as appellee filed an

1  election for the appeal to be heard by the District Court, ECF 203, filed on January 6,
2  2017) and divested this court of jurisdiction over the matters appealed, i.e., the court's
3  order granting the Sale Motion in part and denying it in part.  Having been divested of
4  jurisdiction over the matter appealed, the order granting the Sale Motion in part and
5  denying it in part, due to the Debtor's filing of the notice of appeal, the court lacks
6  jurisdiction to consider his motion for reconsideration of that same order since it is the
7  matter appealed.
8      Accordingly, the court denies the Reconsideration Motion for lack of jurisdiction.
9      IT IS SO ORDERED.
10  ###

Date: January 13, 2017

_____
Robert Kwan
United States Bankruptcy Judge