

**FILED & ENTERED**

**JAN 13 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bakchell  DEPUTY CLERK**

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| In re: | Case No.: 2:12-bk-26069-RK |
|---|---|
| ALLEN B. SHAY, | Chapter 7 |
| Debtor. | **ORDER DENYING MOTION OF ROSE STERLING FOR CLAIM OF POSSESSION AND STAY OF EVICTION** |

    Pending before the court is the motion of Rose Sterling entitled "Exparta Motion for Claim for Claim of Possession to the Pine Bluff Property; Motion to Stay Eviction in Violation of the Right to Procedural Due Process Under the Fourteenth Amendment of the United States Constitution and Article 1 Section 7, Subdivision (a) of the California Constitution" ("Tenant Motion").  Electronic Case Filing Number ("ECF") 192, filed on December 23, 2016.  Ms. Sterling asserts in the Motion that she is a residential tenant of the property at 1175 Pine Bluff Drive, Pasadena, California (the "Pine Bluff Property"), which is the subject of the sale order obtained upon the motion of the Chapter 7 Trustee Alfred H. Siegel ("Trustee") in this case, under a lease starting on March 1, 2016.  ECF 192 at 1-3.  Ms. Sterling further asserts that any eviction of her from the property pursuant to the sale order would deny her right to possession of the premises in violation of due process provisions of the United States and California Constitutions as she did not

have notice of the sale order. *Id.* Trustee through counsel, filed a written opposition to the Tenant Motion. ECF 210, filed on January 9, 2017. The Tenant Motion came on for hearing before the undersigned United States Bankruptcy Judge on January 11, 2017 at 2:30 p.m. The movant, Ms. Sterling, appeared for herself. Anthony A. Friedman, of the law firm of Levene, Neale, Bender, Yoo & Brill, L.L.P., appeared for Trustee. Andrew Edward Smyth, of the law firm of SW Smyth LLP, appeared Debtor Allen B. Shay ("Debtor").

Having considered the Tenant Motion, the opposition, the argument of the parties at the January 11, 2017 hearing, and the record before the court, the court denies the Tenant Motion as explained below.

On December 13, 2016, the court conducted a hearing on Trustee's motion to sell property of the estate, the Pine Bluff Property, free and clear of liens under 11 U.S.C. § 363(f), ECF 168 ("Sale Motion"), filed on November 22, 2016. Debtor filed a written opposition to the Sale Motion, ECF 179, filed on December 8, 2016, and appeared at the hearing on December 13, 2016 and argued in opposition to the Sale Motion. Having heard the oral arguments of the parties on the Sale Motion at the hearing on December 13, 2016, the court orally ruled that it will grant the Sale Motion in part and deny it in part. On December 21, 2016, Debtor filed his motion styled request for a stay pending of appeal of the court's order granting the Sale Motion in part and denying it in part. ECF 188, filed on December 21, 2016. On December 23, 2016, Ms. Sterling filed the Tenant Motion. On the same day, Debtor filed his motion for reconsideration of the court's order granting the Sale Motion in part and denying it in part. ECF 193, filed on December 23, 2016. On December 27, 2016, the court entered its order granting the Sale Motion in part and denying it in part. ECF 191, filed and entered on December 27, 2016. On January 3, 2017, Debtor filed a notice of appeal of the court's order granting the Sale Motion in part and denying it in part. ECF 199, filed on January 3, 2017.

1  Ms. Sterling stated at the hearing on January 11, 2017 that she had entered into a
2 lease of two rooms on the premises on the Pine Bluff Property in February or March 2016
3 with Debtor as the landlord, that Debtor told her that he was in bankruptcy, but that the
4 Pine Bluff Property was abandoned to him, but Debtor did not tell her that the court had
5 entered an order that Trustee's notice of proposed abandonment of property of the
6 estate, including the Pine Bluff Property, was ineffective, ECF 127, filed and entered on
7 December 11, 2015.

8  It is undisputed that the Pine Bluff Property was an asset of Debtor as of the date
9 of filing of Debtor's bankruptcy petition on May 7, 2012 as shown by the Amended
10 Schedule A-Real Property in his amended bankruptcy schedules, ECF 11, filed by Debtor
11 on June 12, 2012, listing the Pine Bluff Property as one of his assets.  All of Debtor's
12 legal and equitable interests in property at the commencement of the bankruptcy case
13 are included in the bankruptcy estate, which includes the Pine Bluff Property as declared
14 by Debtor on his amended bankruptcy schedules. *Id.;* 11 U.S.C. § 541(a).  In a Chapter
15 7 bankruptcy case, the trustee has the duties to collect and liquidate property of the
16 bankruptcy estate, including nonexempt estate property from the debtor, who is required
17 by 11 U.S.C. § 521(a)(3) and (4) to surrender such property to the trustee, and only the
18 trustee has the authority to use, sell, lease or abandon estate property under the
19 Bankruptcy Code.  11 U.S.C. §§ 361, 363, 554 and 704.

20  On January 16, 2013, Trustee filed a notice of intention to abandon assets,
21 including the Pine Bluff Property.  ECF 42, filed on January 16, 2013.  However, as
22 indicated by the proof of service of Trustee's notice of intention to abandon assets, not all
23 creditors were served with this notice as required by Federal Rule of Bankruptcy
24 Procedure 6007(a)("Unless otherwise directed by the court, the trustee . . . shall give
25 notice of a proposed abandonment or disposition of property to the United States
26 Trustee, all creditors. . . ."). *Id.; see also,* 11 U.S.C. § 554(a)("After notice and a hearing,
27 the trustee may abandon any property of the estate that is burdensome to the estate or
28

that is of inconsequential value and benefit to the estate."); *Sierra Switchboard Co. v. Westinghouse Electric Corp.,* 789 F.2d 705, 709 (9th Cir. 1986)("there is no abandonment without notice to creditors").  Based on the written opposition and request for hearing of a creditor, Janet Hurren, to Trustee's notice of intent to abandon assets, ECF 96, filed on August 28, 2015, the court conducted a hearing on Trustee's notice of intent to abandon assets and determined that the notice of intent to abandon assets was invalid and ineffective since not all creditors, including Ms. Hurren, were served. Accordingly, the court entered its order declaring that Trustee's notice of intent to abandon assets was ineffective, ECF 127, filed and entered on December 11, 2015.  This order should have dispelled any doubts about the ineffectiveness of Trustee's notice of intent to abandon assets, including the Pine Bluff Property, and that these assets were not abandoned to Debtor and remained subject to administration by Trustee in this bankruptcy case.

Because the sole authority to administer assets of the bankruptcy estate is vested in Trustee, no one else, including Debtor, has any authority to transfer or dispose of any rights in property of the estate, and thus, Debtor lacked any authority to enter into a lease with Ms. Sterling with respect to the Pine Bluff Property, an asset of the bankruptcy estate.  The entry into the lease by Debtor with Ms. Sterling in March 2016 was an act to obtain possession of property of the estate or to exercise control over property of the estate subject to the automatic stay arising in this case pursuant to 11 U.S.C. § 362(a)(3), and such act without Trustee's authority and consent under the Bankruptcy Code is in violation of the automatic stay and void.  *In re Schwartz,* 954 F.2d 569, 571 (9th Cir. 1992)(citations omitted).

Thus, the lease between Debtor and Ms. Sterling affecting the Pine Bluff Property entered into in violation of the automatic stay is void, and Ms. Sterling has no legal rights to possession of the Pine Bluff Property based on a void lease.  Accordingly, the sale order of this court relating to the Pine Bluff Property does not implicate any procedural

1  due process rights of Ms. Sterling because she has no legal rights in the Pine Bluff
2  Property to enforce through her claim of possession and motion for stay of eviction.
3  Trustee may obtain lawful process to enforce the sale order, which may include obtaining
4  a writ of possession for the Pine Bluff Property, without regard to any claim of possession
5  of Ms. Sterling.
6        For the foregoing reasons, the court denies the Tenant Motion of Ms. Sterling.
7        Having ruled on the Tenant Motion by this order, the further hearing on the Tenant
8  Motion set for January 17, 2017 at 2:00 p.m. is hereby vacated.  No appearances are
9  required on January 17, 2017 on the Tenant Motion.
10       IT IS SO ORDERED.

###

Date: January 13, 2017

Robert Kwan
United States Bankruptcy Judge