

**FILED & ENTERED**

**JAN 31 2017**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ALLEN B. SHAY,<br><br>           Debtor. | Case No.: 2:12-bk-26069-RK<br><br>Chapter 7<br><br>**ORDER DENYING EX PARTE MOTION OF ROSE STERLING UNDER FED. R. CIV. P. 60(B) TO VACATE THE COURT'S DECEMBER 27, 2016 AND JANUARY 20, 2017 ORDERS** |

      Pending before the court is the motion of Rose Sterling, styled as "'Ex parte' Motion Under Fed. R. Civ. P. 60(b) to Vacate[ ] the Order entered on December 27, 2016 and January 20, 2017 Against Allen Shay and Rose Sterling for Claim of Possession to the Pine Bluff Property in Violation of the Right to Procedural Due Process Under the Fourteenth Amendment of the United States Constitution and Article 1 Section 7, Subdivision (a) of the California Constitution" (the "Reconsideration Motion"), filed on January 23, 2017, Electronic Case Filing Number ("ECF") 230.  Ms. Sterling filed a supplement to the Reconsideration Motion on January 24, 2017, ECF 233, and a second supplement to the Reconsideration Motion on January 25, 2017, ECF 234.  Chapter 7 Trustee Alfred H. Siegel ("Trustee") filed an opposition to the Reconsideration Motion on

January 25, 2017, ECF 235, and Ms. Sterling filed a reply thereto on January 26, 2017, ECF 236.

Having considered the Reconsideration Motion, the supplements, opposition and reply, and the record before the court, the court denies the Reconsideration Motion for the reasons explained below.

Through the Reconsideration Motion, Ms. Sterling requests that the court reconsider the following: the Order Granting in Part and Denying in Part Motion of Chapter 7 Trustee for Order: (1) Authorizing Sale of Real Property Free and Clear of Liens; (2) Approving Overbid Procedure; (3) Approving Payment of Real Estate Brokers' Commissions; (4) Finding Purchasers are Good Faith Purchasers; and (5) if Necessary, Directing the United States Marshal to Evict the Debtors and any Third Parties from the Real Property, ECF 191, and the Order Granting Chapter 7 Trustee's "Ex Parte" Motion for Order: (1) Requiring Debtor and any Third Parties to Immediately Tturn Over the Real Property Located at 1175 Pine Bluff Drive, Pasadena, California and the Adjacent Raw Land and (2) Directing the United States Marshal to Evict the Debtors and Any Third Parties From the Real Property, entered on January 18, 2017, ECF 223.

Under Federal Rule of Civil Procedure 60(b), made applicable to this bankruptcy case by Federal Rule of Bankruptcy Procedure 9024, the court may relieve a party from a final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharge; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

///

Based upon its thorough review of the Reconsideration Motion, the related filings, and the record before the court, the court determines that Ms. Sterling has failed to establish any of the bases for relief under Federal Rule of Civil Procedure 60(b).  The Reconsideration Motion primarily argues that the court made a mistake when it found that Janet Hurren and other creditors of Debtor Allen Shay ("Debtor") did not receive notice of Trustee's Notice of Intention to Abandon Assets, ECF 42, and based thereupon, the Pine Bluff property should have been deemed abandoned such that the previously discussed orders should be vacated.  Specifically, the Reconsideration Motion argues that because Ms. Hurren was included on the Master Mailing List of Creditors, Ms. Hurren received notice of the Notice of Intention to Abandon Assets, even though her name is not listed on the proof of service attached to the Notice of Intention to Abandon Assets.

There is no evidence in the record to support this assertion, and Ms. Sterling does not offer any with her Reconsideration Motion.  There is simply no evidence that Ms. Hurren or all of the other creditors of Debtor in this bankruptcy case were served with Trustee's Notice of Intention to Abandon Assets through a Notice of Electronic Filing or other means.  The declaration of service for Trustee's Notice of Intention to Abandon Assets does not list Ms. Hurren or all of the creditors on the Master Mailing List of Creditors.  There is no Certificate of Notice by the Bankruptcy Noticing Center for Trustee's Notice of Intention to Abandon Assets on the case docket, which would indicate a Notice of Electronic Filing by the court on the parties on the Master Mailing List of Creditors.  The Certificate of Notice, ECF 62, provided as Exhibit 2 to Reconsideration Motion, is for a different document, Trustee's Notification of Asset Case, ECF 60, filed on May 13, 2013, which is irrelevant to the issue of notice of abandonment.

The court has thoroughly reviewed the record relating to the notice issue as to Trustee's Notice of Intention to Abandon Assets, again on Ms. Sterling's Reconsideration Motion, and determines its prior rulings that all creditors were not served with the Notice of Intention to Abandon Assets, including Ms. Hurren, was correct as reflecting what the

evidence in the record is.  *See Memorandum Decision and Order Denying Debtor's Motion for Stay Pending Appeal*, ECF 225, at 16 ("Because Ms. Hurren was not aware of Trustee's Notice of Intent to Abandon until August 17, 2015, ECF 95, under *Sierra Switchboard Co.*, there was no abandonment of the Pine Bluff Property" and "A review and comparison of the proof of service attached to the Notice of Intent to Abandon with Debtor's first and second amended schedules that only a few creditors, but not all creditors were served with Trustee's Notice of Intent to Abandon.").  Accordingly, the court determines that the court did not commit any mistake when it held that not all creditors, including Ms. Hurren, were not served with Trustee's Notice of Intention to Abandon Assets.

      Having thoroughly reviewed the Reconsideration Motion and the other related pleadings, as well as the record before the court, the court determines that Ms. Sterling has failed to establish that she is entitled to relief of the relevant orders under Federal Rule of Civil Procedure 60(b).  Accordingly, as discussed herein, the court denies the Reconsideration Motion.

      IT IS SO ORDERED.

###

Date: January 31, 2017

_____
Robert Kwan
United States Bankruptcy Judge