ANTHONY A. FRIEDMAN (State Bar No. 201955)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: aaf@lnbyb.com

Attorneys for Alfred H. Siegel, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>ALLEN B. SHAY,<br><br>Debtor. | Case No. 2:12-bk-26069-RK<br><br>Chapter 7<br><br>NOTICE OF MOTION AND MOTION FOR ORDER DISALLOWING CLAIM NO. 14 FILED BY ALLEN SHAY<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>DECLARATION OF ALFRED H. SIEGEL<br><br><u>Hearing Date:</u><br>Date:    April 16, 2019<br>Time:   2:30 p.m.<br>Place:   Courtroom 1675<br>            255 E. Temple Street<br>            Los Angeles, California |

**TO THE HONORABLE ROBERT N. KWAN, UNITED STATES BANKRUPTCY JUDGE, CLAIMANT AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that a hearing has been scheduled on April 16, 2019 at 2:30 p.m., before the Honorable Robert N. Kwan, United States Bankruptcy Judge, in Courtroom

1

1675 of the United States Bankruptcy Court for the Central District of California, Los Angeles Division, located at 255 E. Temple Street, Los Angeles, California, for the Court to consider the motion (the "Motion") filed by Alfred H. Siegel, not individually and solely in his capacity as the chapter 7 trustee (the "Trustee") for the bankruptcy estate of Allen Shay (the "Debtor"), for an order disallowing the proof of claim filed by the Debtor, which claim is denominated on the Court's claim registry as Claim No. 14.

**PLEASE READ THIS DOCUMENT CAREFULLY TO DETERMINE THE BASIS FOR THE DEBTOR'S OBJECTION TO YOUR CLAIM.** The specific grounds for the Motion are set forth in detail in the attached Memorandum of Points and Authorities.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rules 3007-1(b)(3)(A) and 9013-1(f), any response to the Motion must be in writing and filed with the Clerk of the Bankruptcy Court and served upon the United States Trustee and counsel for the Trustee at the address set forth in the upper left-hand corner of the first page hereof <u>not later than fourteen (14) days prior to the scheduled hearing date set forth above</u>.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 3007-1(b)(3)(B), the Court may deem the failure of a party in interest to file a timely response to the Motion to constitute consent to the granting by the Court of the relief requested by the Debtor in the Motion without further notice or hearing.

Dated: March 8, 2019

        LEVENE, NEALE, BENDER,
        YOO & BRILL L.L.P.

        By:   */s/ Anthony A. Friedman*
              ANTHONY A. FRIEDMAN
        Attorneys for Alfred H. Siegel,
        Chapter 7 Trustee for the Bankruptcy Estate
        Of Allen B. Shay

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

**A.  Background.**

1. On May 7, 2012 (the "Petition Date"), Allen Shay (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code, bearing case number 2:12-bk-26069-RK. Thereafter, Alfred H. Siegel (the "Trustee"), being duly qualified, was appointed as the Chapter 7 Trustee of the Debtor's estate. a capacity in which he continues to serve.

2. In connection with the Trustee's administration of the Debtor's estate, the Trustee sold the real property located 1175 Pine Bluff Drive, Pasadena, California and the adjacent raw land (collectively, the "Property") to Ken Huynh and Kristian Luong or their nominee ("Buyers"). The sale of the Property to Buyers was on an "as is, where is" basis, with no representations or warranties being made by the Trustee. *See,* sale order at Docket No. 191 entered.

**B.  Proof of Claim.**

3. The deadline in the Debtor's case for creditors to file pre-petition claims passed on August 16, 2013 (the "Bar Date").

4. After the Bar Date, on March 16, 2017, the Debtor filed a proof of claim, which claim is denominated on the Court's claims registry as Claim No. 14 ("Claim No. 14"). Pursuant to Claim No. 14, and based upon the boxes checked (or not checked) on the proof of claim form, it appears that the Debtor is asserting a general unsecured claim in the amount of $10,000. However, the description for the basis of Claim No. 14 provides "plumbing of property while under trustee's possession, landscape and maintenance of property under trustee's possession." A true and correct copy of Claim No. 14 is attached as **Exhibit 1** to the Declaration of Alfred H. Siegel annexed hereto and is incorporated herein by reference.

5. In connection with analyzing the claims filed in the Debtor's case, the Trustee and his counsel obtained copies of all available proofs of claim and interest filed in the Debtor's case from the Clerk's Office of the United States Bankruptcy Court for the Central District of

California – Los Angeles Division. Upon obtaining copies of such proofs of claim and interest, the Trustee and its professionals analyzed all of the documentation filed by the respective putative creditors and interest holders in support of the claims, and attempted to reconcile such filed claims against the Debtor's books and records. Based on the foregoing, the Trustee has determined that Claim No. 14 is objectionable for the reasons set forth below.

## II.

## LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 3001(a) provides that a proof of claim is a written statement setting forth a creditor's claim. Federal Rule of Bankruptcy Procedure 3001(f) provides that a proof of claim executed and filed in accordance with "these rules" shall constitute *prima facie* evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f); In re Southern Cal. Plastics, Inc., 165 F.3d 1243, 1247-48 (9th Cir. 1999); In re Garner, 246 B.R. 617, 620-21 (9th Cir. BAP 2000).

However, Federal Rule of Bankruptcy Procedure 3001(f) "operates merely as an evidentiary presumption that is rebuttable." In re Garvida, 347 B.R. 697, 706 (9th Cir. BAP 2006). Once the debtor satisfies its burden of going forward by rebutting the presumption with counter-evidence, the burden of going forward shifts to the claimant. In re Lundell, 223 F.3d 1035, 1039 (9th Cir. 2000); Garvida, 347 B.R. at 706-708. While the "burden of going forward is primarily a procedural matter pertaining to the order of presenting evidence", the substantive burden of proof remains at all times upon the claimant. Garvida, 347 B.R. at 706; Lundell, 223 F.3d at 1039 (ultimate burden of persuasion remains at all times upon the claimant); So. Cal. Plastics, 165 F.3d at 1248.

A claimant must establish by a preponderance of the evidence that its claim should be allowed. Lundell, 223 F.3d at 1039. The objecting party is not required to disprove the claim. In re Kahn, 114 B.R. 40 (Bankr. S.D. N.Y. 1990). The Bankruptcy Court has the power to "sift" the circumstances surrounding any claim to see that injustice or unfairness is not done in the administration of the bankruptcy estate. Pepper vs. Litton, 308 U.S. 295, 304, 60 S.Ct. 238, 244 (1939).

In <u>In re Circle J. Dairy, Inc.</u>, 112 B.R. 297 (W.D. Ark. 1989), the Court held that:

> A claim, to be legally sufficient and, therefore, to be prima facie valid, under the Bankruptcy Rules, must:
> 1) be in writing;
> 2) make a demand on the debtor's estate;
> 3) express the intent to hold the debtor liable for the debt;
> 4) be properly filed; and
> 5) be based upon facts which would allow, as a matter of equity, to have the document accepted as a proof of claim.

<u>Id.</u> at 299-300 (citation omitted).

> Under the fifth requirement, the allegations of the proof of claim must set forth all the necessary facts to establish a claim and must not be self-contradictory. The prima facie validity of the claim does not attach unless the claim is in compliance with the Federal Rules of Bankruptcy Procedure ("Rules"), including Rule 3001, and sets forth the facts necessary to support the claim. These requirements for legal sufficiency are consistent with the idea that the proof of claim itself is to be scrutinized with an eye to credibility.

<u>In re Circle J. Dairy, Inc.</u>, 112 B.R. at 299-300 (citations omitted).

Section 503 of the Bankruptcy Code provides in relevant part:

(a) An entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause.

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1) (A) the actual, necessary costs and expenses of preserving the estate.

11 U.S.C. § 503.

### III.

### OBJECTION TO CLAIM

The Trustee objects to Claim No. 14 for several reasons. Claim No. 14 filed by the Debtor is asserted as a general unsecured claim. Notwithstanding, the basis for Claim No. 14, appears to be for expenses incurred post petition by the Debtor related to the Property, thus, it is unclear if the Debtor is, in fact, seeking an administrative claim. At no point did the Debtor obtain Court approval to incur the charges set forth in Claim No. 14, nor did the Debtor obtain the consent or authorization from the Trustee to incur the charges set forth in Claim No. 14.

To the extent that the Debtor is asserting Claim No. 14 as an administrative claim, the Debtor has failed to comply with Section 503(b) of the Bankruptcy Code. More specifically, the Debtor has failed to file a request for payment of an administrative claim and has failed provide notice of such request and have a hearing thereon. Instead, the Debtor simply filed a proof of claim, which is insufficient to assert an administrative claim against the estate under Section 503 of the Bankruptcy Code.

Further, the expenses incurred by the Debtor related to the Property, however, the Buyers of the Property purchased the Property on an "as is, where is" basis, with no representations or warranties. Thus, the worked performed related to the expenses incurred that are the basis for Claim No. 14 did not need to be made and did not benefit the Debtor's estate.

Based on all the foregoing, the Trustee believes that Claim No. 14 should not be allowed as an administrative claim or a general unsecured claim. Alternatively, if the Court believes it is appropriate, the Trustee is amenable to allowing Claim No. 14 as a late-filed general unsecured claim that is subordinated to all other filed claims.

## IV.

## **RESERVATION OF RIGHTS**

The Trustee expressly reserves the right to amend, modify or supplement the Motion and to assert additional objections to Claim No. 14 or any other proofs of claim (filed or not) that may be asserted by the Debtor. Should the grounds for disallowance of the claim stated in the Motion be deemed insufficient, the Trustee reserves his rights to object on any other grounds that the Trustee discovers during the time that this case is pending.

///
///
///
///
///
///
///

## V.

## **CONCLUSION**

For the reasons set forth above, the Debtor respectfully requests that the Court enter an order (i) granting the Motion in its entirety; (ii) sustaining the Debtor's objection to Claim No. 14 and disallowing Claim No. 14 in its entirety; and (iii) granting such other and further relief the Court deems just and proper.

Dated: March 8, 2019

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By: */s/ Anthony A. Friedman*
　　ANTHONY A. FRIEDMAN
Attorneys for Alfred H. Siegel,
Chapter 7 Trustee for the Bankruptcy Estate
Of Allen B. Shay

**DECLARATION OF ALFRED H. SIEGEL**

I, ALFRED H. SIEGEL, hereby declare as follows:

1. I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2. I am the Chapter 7 Trustee of the bankruptcy estate of Allen B. Shay (the "Debtor"). I make this declaration in support of the Motion to which this declaration is annexed (the "Motion") Capitalized defined terms used herein have the same meaning ascribed to them in the Motion.

3. On May 7, 2012 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, bearing case number 2:12-bk-26069-RK. Thereafter, being duly qualified, I was appointed as the Chapter 7 Trustee of the Debtor's estate, a capacity in which I continue to serve.

4. In connection with my administration of the Debtor's estate, I sold the real property located 1175 Pine Bluff Drive, Pasadena, California and the adjacent raw land (collectively, the "Property") to Ken Huynh and Kristian Luong or their nominee ("Buyers"). The sale of the Property to Buyers was on an "as is, where is" basis, with no representations or warranties being made.

5. The deadline in the Debtor's case for creditors to file pre-petition claims passed on August 16, 2013 (the "Bar Date").

6. After the Bar Date on March 16, 2017, the Debtor filed a proof of claim, which claim is denominated on the Court's claims registry as Claim No. 14 ("Claim No. 14"). A true and correct copy of Claim No. 14 is attached hereto as **Exhibit 1** and is incorporated herein by reference.

7. In connection with analyzing the claims filed in the Debtor's case, my counsel and I obtained copies of all available proofs of claim and interest filed in the Debtor's case from the Clerk's Office of the United States Bankruptcy Court for the Central District of California – Los Angeles Division. Upon obtaining copies of such proofs of claim and interest, my professionals and I analyzed all of the documentation filed by the respective putative creditors

6

and interest holders in support of the claims, and attempted to reconcile such filed claims against the Debtor's books and records. Based on the foregoing, I have determined that Claim No. 14 is objectionable for the reasons set forth in the Motion.

8.   The expenses incurred by the Debtor related to the Property, which are the basis for Claim No. 14, were not expenses that I authorized the Debtor to incur, nor did the Debtor obtain approval from the Court to incur such expenses.. I submit that the worked performed related to the expenses incurred that are the basis for Claim No. 14 did not need to be made and did not benefit the Debtor's estate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 2 day of March 2019 at Woodland Hills, California.

_____
ALFRED H. SIEGEL
Not individually and solely in his
capacity as Chapter 7 Trustee

# EXHIBIT 1

Fill in this information to identify the case:

Debtor 1 _____

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: Central District of California

Case number  2:12-bk-26069-RK


FILED
MAR 16 2017
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

Official Form 410
# Proof of Claim
4/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
ALLEN SHAY
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

ALLEN SHAY
Name

202 SOUTH LAKE SUITE 260
Number   Street

PASADENA    CA    91101
City    State    ZIP Code

Contact phone (626) 676-1439
Contact email SHAYANDASSOCIATES @ HOTMAIL.COM

Where should payments to the creditor be sent? (if different)

_____ Name

_____ Number   Street

_____ City   State   ZIP Code

Contact phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**
☒ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on ___ / ___ / _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                    Proof of Claim                    page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**
☒ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**   $_____. **Does this amount include interest or other charges?**
☐ No
☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

*PLUMBING OF PROPERTY WHILE UNDER TRUSTEE'S POSSESSION, LANDSCAPE AND MAINTANACE OF PROPERTY UNDER TRUSTEES POSSESSION*

**9. Is all or part of the claim secured?**
☒ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                          $_____
Amount of the claim that is secured:        $_____
Amount of the claim that is unsecured:  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $_____

Annual Interest Rate (when case was filed) _____ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☒ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

**11. Is this claim subject to a right of setoff?**
☐ No
☒ Yes. Identify the property: *1175 PINE BLUFF DRIVE PASADENA, CA*

Official Form 410      Proof of Claim      page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☒ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  03/16/17
                  MM / DD / YYYY

_Allen Shay_
Signature

**Print the name of the person who is completing and signing this claim:**

Name    ALLEN          B            SHAY
        First name     Middle name  Last name

Title   _____

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  202 SOUTH LAKE AVENUE STE 260
         Number    Street
         PASADENA                    CA      91101
         City                        State   ZIP Code

Contact phone  (626)584-0499     Email  SHAYANDASSOCIATES@HOTMAIL.COM

Official Form 410                    Proof of Claim                    page 3

Licensed & Insured
Lic. #980395

The Trenchless
Company



THE HOME PLUMBERS

818-974-1448 • Email: raul.izc@gmail.com

INVOICE
N° 0992

### FOR PLUMBING CONTRACTORS ONLY

| Name: Allen Shay | Date: 12-15-16 |
|---|---|
| Address: 1175 pinealuff | Time: |
| Telephone: | Plumber: |

| FT. | JOB DESCRIPTION | PRICE |
|---|---|---|
| | Ran video Camera to | |
| | located Main Sewer on | |
| | Front of house up | |
| | Dis second hole property | |
| | line up grade Main Sewer | |
| | 3' to 4' Hydro Jetter | |
| | Main sewer on city sid | |
| | 6" clay pipe infested with Roots | |

| | | |
|---|---|---|
| | SUB-TOTAL | 10,000 |
| | SALES TAX | |
| | TOTAL | |
| | DEPOSIT | 6,000 |
| | BALANCE DUE | 4000 |

**TERMS AND CONDITIONS**

Plumbing Contractors Are Responsible
For City Permits And To Check For Sewer
Lining Codes.

x _[signature]_   Date 12-15-16

## Medina Landscape

**Invoice :** 1175 Pine Bluff Drive, Pasadena, CA

**Dated** : February 10, 2017

| | |
|---|---|
| Balance as of February 2015 | $ 3,415.00 |
| Plus 24 months | $ 2,880.00 |
| Total. | $ 6,295.00 |

Miguel Ángel Medina

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled **NOTICE OF MOTION AND MOTION FOR ORDER DISALLOWING CLAIM NO. 14 FILED BY ALLEN SHAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ALFRED H. SIEGEL** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 8, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Marvin B Adviento    madviento@wrightlegal.net, ggrant@wrightlegal.net;sbennett@wrightlegal.net
- Lawrence R Boivin    lboivin@boivinlaw.com, lrboivin@gmail.com
- Patrick K Bruso    bruso005@umn.edu
- Joseph C Delmotte    ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
- Mark D Estle    mdestle@estlelaw.com
- Anthony A Friedman    aaf@lnbyb.com
- Philip J Giles    pgiles@allenbarneslaw.com, mvasquez@allenbarneslaw.com
- Merdaud Jafarnia    bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
- Ezedrick S Johnson    PASADENALAWCENTER@SBCGLOBAL.NET, ESJOHNSON@SBCGLOBAL.NET
- Nate Kraut    ngkraut@sbcglobal.net, ngkraut@hotmail.com
- Ron Maroko    ron.maroko@usdoj.gov
- Marisol A Nagata    cdcaecf@bdfgroup.com
- Christina J O    christinao@mclaw.org, CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com
- Alfred H Siegel (TR)    Al.siegel@asiegelandassoc.com, Lisa.irving@asiegelandassoc.com;Margo.tzeng@asiegelandassoc.com;asiegel@ecf.epiqsystems.com
- Andrew Edward Smyth    office@smythlo.com
- William J Smyth    office@smythlo.com, williamsmyth@gmail.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Darlene C Vigil    cdcaecf@bdfgroup.com
- Diane C Weil    dcweil@dcweillaw.com, diane.c.weil@Gmail.com,dweil@ecf.inforuptcy.com,cblair@dcweillaw.com
- W. Sloan Youkstetter    SYoukstetter@FoxLaw.com

**2. SERVED BY UNITED STATES MAIL**: On **March 8, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Allen B. Shay  
202 S Lake Ave, Ste 260  
Pasadena, CA  91101

RSN  
Chase Home Finance Milwaukee  
Attn: Correspondence Mail  
Mail Code LA4-5555  
700 Kansas Lane  
Monroe, LA 71203

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

| | |
|---|---|
| RSN | The Honorable Robert Kwan |
| McCarthy & Holthus, LLP | United States Bankruptcy Court |
| 1770 Fourth Avenue | 255 E. Temple Street, Suite 1682 |
| San Diego, CA 92101 | Los Angeles, CA 90012 |

☐ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 8, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| March 8, 2019 | Lisa Masse | /s/ Lisa Masse |
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    **F 9013-3.1.PROOF.SERVICE**