ANTHONY A. FRIEDMAN (State Bar No. 201955)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: aaf@lnbyb.com

Attorneys for Alfred H. Siegel, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ALLEN B. SHAY,<br><br>Debtor. | Case No. 2:12-bk-26069-RK<br><br>Chapter 7<br><br>**REPLY OF CHAPTER 7 TRUSTEE TO DEBTOR'S OPPOSITION TO MOTION FOR ORDER DISALLOWING CLAIM NO. 14 FILED BY ALLEN SHAY**<br><br><u>Hearing Date:</u><br>Date: April 16, 2019<br>Time: 2:30 p.m.<br>Place: Courtroom 1675<br>       255 E. Temple Street<br>       Los Angeles, California |

1

**TO THE HONORABLE ROBERT N. KWAN, UNITED STATES BANKRUPTCY JUDGE, CLAIMANT AND DEBTOR ALLEN B. SHAY AND ALL INTERESTED PARTIES:**

**REPLY**

On March 16, 2017, the Debtor filed a proof of claim, which claim is denominated on the Court's claims registry as Claim No. 14 ("Claim No. 14"). Pursuant to Claim No. 14, and based upon the boxes checked (or not checked) on the proof of claim form, it appears that the Debtor is asserting a general unsecured claim in the amount of $10,000. However, the description for the basis of Claim No. 14 provides "plumbing of property while under trustee's possession, landscape and maintenance of property under trustee's possession."

The Trustee filed his Motion for order disallowing Claim No. 14 on the basis that (1) the Trustee did not authorize the Debtor to incur the alleged expenses set forth in Claim No. 14 and (2) the buyers of the real property purchased the real property "as is, where is" without any representations or warranties. Further, the Trustee's motion opposes the allowance of Claim No. 14 on the basis that, to the extent the Debtor is seeking an administrative claim pursuant to 11 U.S.C. §503, the Debtor has not provided any evidence that the expense incurred was actual and necessary or benefitted the Debtor's estate.

The opposition filed by Debtor seemingly asserts that Claim No. 14 is an administrative claim on the basis that it was necessary to address the plumbing issue for the Debtor's estate. First, the Debtor does not provide any justification for failing to comply with 11 U.S.C. § 503(b) for seeking Court approval of an administrative claim. Second, there is no showing that the Debtor actually paid any funds to address the plumbing issue. Third, the Debtor has provided no admissible evidence that the plumbing issue was urgent or required immediate attention, especially in light of the fact that the buyers of the property were aware of the issue and notwithstanding proceeded with closing the sale of the property. Lastly, it appears, having not addressed the issue, that the Debtor has abandoned Claim No. 14 with respect to the request for cost of landscaping.

///

The court has broad discretion to determine whether a claim for an administrative expense is, in actuality, an administrative expense. In re Dakota Indus., Inc., 31 B.R. 23, 26 (Bankr.D.S.D.1983). Bankruptcy courts should strictly scrutinize claims and narrowly construe the terms "actual" and "necessary." Matter of Patch Graphics, 58 B.R. 743, 745 (Bankr.W.D.Wis.1986). See, Grantham v. Eastern Marine, Inc., 93 B.R. 752, 754 (Bankr.N.D.Fla.1988); In re Sinclair, 92 B.R. 787, 788 (Bankr.S.D.Ill.1988). The burden of proof to demonstrate that the claim is an administrative claim is upon the movant. Sinclair, 92 B.R. at 788; Patch Graphics, 58 B.R. at 745. The movant must also show "that the expenses were reasonable, necessary and benefited the estate." In re Hendersonville Bowling Center, Inc., 65 B.R. 963, 965 (Bankr.M.D.Tenn.1986). The Patch Graphics court stated that "the expense in question must be shown to have been 'actual and necessary.' " 58 B.R. at 745.

"In order for a claim on a postpetition expense to be allowed as an administrative priority claim, an estate must actually make beneficial use of any value received in exchange for the incurring of the expense." In re Right Time Foods, Inc., 262 B.R. 882, 884 (Bankr.M.D.Fla.2001).

The party asserting an administrative claim bears the burden of proving that the claim should be allowed. "The claimant has the burden of proving entitlement to an administrative expense by preponderance of the evidence." In re Kmart Corporation, 293 B.R. 905, 909 (Bankr.N.D.Ill.2003). "The burden of proving an entitlement to an administrative expense is on the claimant." In re Central Idaho Forest Products, 317 B.R. 150, 155 (Bankr.D.Idaho 2004).

Here, there is no showing that the Debtor in fact paid for any of the services purportedly obtained as set forth in Claim No. 14. In addition, there is no showing or admissible evidence that the plumbing repairs or the landscaping were urgent or necessary or whether the purported services provided any benefit to the estate. At no time did the Trustee authorize the Debtor to incur the charges on behalf of the estate and, at the time, the Trustee was in the process of obtaining court approval of the sale of the property (the sale order was entered December 27, 2016), which the buyers purchased on an "as is, where is" basis with no representations or warranties. Moreover, the buyers were aware of the plumbing issue and proceeded to close

1 escrow on the sale of the property.

2 Based on all the foregoing, the Trustee believes that Claim No. 14 should not be allowed as an administrative claim or a general unsecured claim. Alternatively, if the Court believes it is appropriate, the Trustee is amenable to allowing Claim No. 14 as a late-filed general unsecured claim that is subordinated to all other filed claims.

## **CONCLUSION**

For the reasons set forth above and in the Motion, the Debtor respectfully requests that the Court enter an order (i) granting the Motion in its entirety; (ii) sustaining the Debtor's objection to Claim No. 14 and disallowing Claim No. 14 in its entirety; and (iii) granting such other and further relief the Court deems just and proper.

Dated:  April 9, 2019　　　　　　　LEVENE, NEALE, BENDER,
　　　　　　　　　　　　　　　　　YOO & BRILL L.L.P.


　　　　　　　　　　　　　　　　By:   */s/ Anthony A. Friedman*
　　　　　　　　　　　　　　　　　　ANTHONY A. FRIEDMAN
　　　　　　　　　　　　　　　　Attorneys for Alfred H. Siegel,
　　　　　　　　　　　　　　　　Chapter 7 Trustee for the Bankruptcy Estate
　　　　　　　　　　　　　　　　Of Allen B. Shay

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled **REPLY OF CHAPTER 7 TRUSTEE TO DEBTOR'S OPPOSITION TO MOTION FOR ORDER DISALLOWING CLAIM NO. 14 FILED BY ALLEN SHAY** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 9, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Marvin B Adviento    madviento@wrightlegal.net, ggrant@wrightlegal.net;sbennett@wrightlegal.net
- Lawrence R Boivin    lboivin@boivinlaw.com, lrboivin@gmail.com
- Patrick K Bruso    bruso005@umn.edu
- Joseph C Delmotte    ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
- Mark D Estle    mdestle@estlelaw.com
- Anthony A Friedman    aaf@lnbyb.com
- Philip J Giles    pgiles@allenbarneslaw.com, mvasquez@allenbarneslaw.com
- Merdaud Jafarnia    bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
- Ezedrick S Johnson    PASADENALAWCENTER@SBCGLOBAL.NET, ESJOHNSON@SBCGLOBAL.NET
- Nate Kraut    ngkraut@sbcglobal.net, ngkraut@hotmail.com
- Ron Maroko    ron.maroko@usdoj.gov
- Marisol A Nagata    cdcaecf@bdfgroup.com
- Christina J O    christinao@mclaw.org, CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com
- Alfred H Siegel (TR)    Al.siegel@asiegelandassoc.com, Lisa.irving@asiegelandassoc.com;asiegel@ecf.axosfs.com
- Andrew Edward Smyth    office@smythlo.com
- William J Smyth    office@smythlo.com, williamsmyth@gmail.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Darlene C Vigil    cdcaecf@bdfgroup.com
- Diane C Weil    dcweil@dcweillaw.com, diane.c.weil@Gmail.com,dweil@ecf.inforuptcy.com,cblair@dcweillaw.com
- W. Sloan Youkstetter    SYoukstetter@FoxLaw.com

2.  **SERVED BY UNITED STATES MAIL**: On **April 9, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| Allen B. Shay<br>202 S Lake Ave, Ste 260<br>Pasadena, CA  91101 | The Honorable Robert Kwan<br>United States Bankruptcy Court<br>255 E. Temple Street, Suite 1682<br>Los Angeles, CA  90012 |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                           **F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| RSN<br>Chase Home Finance Milwaukee<br>Attn: Correspondence Mail<br>Mail Code LA4-5555<br>700 Kansas Lane<br>Monroe, LA 71203 | RSN<br>McCarthy & Holthus, LLP<br>1770 Fourth Avenue<br>San Diego, CA 92101 |

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 9, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| April 9, 2019 | Lisa Masse | /s/ Lisa Masse |
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          F 9013-3.1.PROOF.SERVICE