FILED & ENTERED

JUN 28 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell   DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:12-bk-26069-RK |
| ALLEN BERNARD SHAY, | Chapter 7 |
| Debtor. | **ORDER ON DEBTOR'S MOTION FOR EXTENSION OF TIME TO APPEAL PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8002(d)** |

 Pending before the court is the motion of Debtor Allen Bernard Shay ("Debtor") for an extension of time to appeal pursuant to Federal Rule of Bankruptcy Procedure 8002(d) in two pleadings entitled "Motion for Extension of Time and Declaration of Allen Shay Pursuant to Rule 8002(d)," Docket Number 352, filed on June 26, 2019, and "Notice of Motion and Motion for Extension of Time Federal Rule of Bankruptcy Procedure 8002(d)", Docket Number 353, filed on June 27, 2019.  Debtor in these pleadings requests an extension of time to appeal this court's Order Granting in Part and Denying in Part Motion to Disallow Claim Number 14, Docket Number 350, entered on June 6, 2019.

 Pursuant to Federal Rule of Bankruptcy Procedure 8002(a) and (d)(1)(A), the general deadline for filing the notice of appeal or the motion to extend time to appeal was

1    June 20, 2019, 14 days after entry of the final order to be appealed from, which was June

2    6, 2019.  Debtor did not file a notice of appeal or a motion to extend time to appeal by this

3    deadline.  Debtor relies upon Federal Rule of Bankruptcy Procedure 8002(d)(1)(B) to allow

4    filing of a motion to extend time to appeal within 21 days of that time if the party shows

5    excusable neglect, and under this rule, if there is excusable neglect, the deadline for filing

6    a motion to extend time to appeal is 21 days after the general deadline of 14 days after

7    entry of the order, or July 11, 2019.  If Debtor shows excusable neglect, his motion to

8    extend time to appeal filed on June 26, 2019 is within the deadline of July 11, 2019.

9         However, Debtor's motion to extend time to appeal is defective because the notice

10   of motion is deficient because there is no notice of 21 days of hearing under Local

11   Bankruptcy Rule 9013-1(d) as no hearing was indicated in the motion and there was no

12   notice of opportunity to respond to the motion and request a hearing on the motion given to

13   the Chapter 7 Trustee, the opposing party, as required by Local Bankruptcy Rule 9013-

14   1(o).  When Debtor said in his pleading filed on June 27, 2019 that "as a result of Debtor's

15   motion and in accordance with Local Bankruptcy Rule, there has been no scheduled time

16   for this hearing in Courtroom 1675 . . . .," the court determines that statement of Debtor's is

17   incorrect because the applicable rules are Local Bankruptcy Rule 9013-1(d) requiring the

18   movant to give 21-days notice of hearing on the motion to the other parties in interest or

19   Local Bankruptcy Rule 9013-1(o) requiring the movant to give 14-days notice to the other

20   parties in interest of the opportunity to respond to the motion and request a hearing, and

21   Debtor failed to comply with either one.

22        In light of the fact that Debtor is a self-represented party, rather than denying

23   Debtor's motion to extend time to appeal on procedural due process grounds for failure to

24   provide a proper notice of hearing to the Chapter 7 Trustee, the opposing party, the court

25   accords some latitude to Debtor as a self-represented litigant and exercises its discretion

26   to provide the Chapter 7 Trustee, the opposing party, an opportunity to respond to the

27   motion and file a request for a hearing on the motion by ordering that the Chapter 7

28   Trustee may file and serve a response to the motion and a request for a hearing on the

1   motion on or before July 7, 2019.  The court shortens the 14-day time period under Local

2   Bankruptcy Rule 9013-1(o) pursuant to Local Bankruptcy Rule 1001-1(d) because time is

3   of the essence regarding this matter and thus, it is in the interest of justice to do this.

4        The Chapter 7 Trustee may elect to respond to the motion by July 7, 2019 or not,

5   and if the Trustee does not respond by this date, the court will rule on the motion on the

6   papers.  If the Chapter 7 Trustee timely files and serves a response to the motion by July

7   7, 2019, he may elect to request a hearing, and the court will set the motion for hearing, or

8   he may elect to waive a request for a hearing, and the court will rule on the motion on the

9   papers.  In any event, no ruling will be made on the motion until the deadline of July 7,

10  2019 for the Chapter 7 Trustee to respond passes.

11       IT IS SO ORDERED.

12                                               ###

13

14

15

16

17

18

19

20

21

22

23

24  Date: June 28, 2019                          _____

25                                               Robert Kwan
                                                 United States Bankruptcy Judge
26

27

28