

FILED & ENTERED

JUL 08 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:12-bk-26069-RK |
| ALLEN BERNARD SHAY, | Chapter 7 |
| Debtor. | **ORDER GRANTING DEBTOR'S MOTION TO EXTEND TIME TO APPEAL ORDER GRANTING IN PART AND DENYING IN PART TRUSTEE'S MOTION TO DISALLOW DEBTOR'S CLAIM NO. 14** |

Pending before the court is the motion of Debtor Allen Bernard Shay ("Debtor") for an extension of time to appeal pursuant to Federal Rule of Bankruptcy Procedure 8002(d) in two pleadings entitled "Motion for Extension of Time and Declaration of Allen Shay Pursuant to Rule 8002(d)," Docket Number 352, filed on June 26, 2019, and "Notice of Motion and Motion for Extension of Time Federal Rule of Bankruptcy Procedure 8002(d)," Docket Number 353, filed on June 27, 2019.  Debtor in these pleadings requests an extension of 14 days' time pursuant to Federal Rule of Bankruptcy Procedure 8002(d) to appeal this court's order granting in part and denying in part the motion of Chapter 7 Trustee Alfred H. Siegal ("Trustee") to Disallow Claim Number 14 of Debtor, Docket Number 350, filed and entered on June 6, 2019.

Having considered the motion and the opposition of the Chapter 7 Trustee thereto, Docket Number 356, filed on July 3, 2019, the court grants the motion on grounds of excusable neglect because Debtor stated in his declaration under penalty of perjury that he never received a copy of the court's order granting in part and denying in part the Trustee's motion to disallow Debtor's Claim No. 14 until June 25, 2019, which was after the 14-day appeal deadline under Federal Rule of Bankruptcy Procedure 8002(a) expired on June 20, 2019.  The court hereby extends the deadline for Debtor to file a notice of appeal to **July 26, 2019**.

To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 395 (1993)).  In considering these factors based on the moving and opposing papers, the court determines that (1) the danger of prejudice to the Trustee as the opposing party is minimal; that is, the Trustee may just have to defend Debtor's appeal of the order on Debtor's claim; (2) the length of the delay is minimal since Debtor filed his motion to extend time about a week after the appeal deadline passed; while there is potential impact in delay in administration of the bankruptcy case to defend the appeal, if Debtor had timely appealed, there would have been this delay anyway; (3) the reason for the delay is that Debtor states that he did not receive a copy of the order until after the time to appeal had expired, which is a good reason given the short 14-day time period for appeal; and (4) Debtor acted in good faith since he declared under penalty of perjury that he did not receive a copy of the order until June 25, 2019.

The court in this regard is giving Debtor the benefit of the doubt based on his statement in his declaration under penalty of perjury that he did not receive a copy of the order until June 25, 2019 despite some reservations based on the Trustee's concerns

raised in the opposition.  Debtor states in his declaration that he checked about the status of the order when he called the courtroom deputy clerk on June 24, 2019, which was after the appeal deadline of June 20, 2019.  In his declaration in support of his motion, Debtor admits that his mailing address was as stated on the proof of service of the Trustee's notice of lodgment of a proposed order which the court approved, which notice of lodgment was served by mail by the office of counsel for the Trustee on June 6, 2019 and the proof of service of the actual approved order which was served by mail by the Bankruptcy Noticing Center on June 8, 2019.  Debtor in his declaration never states that he did not receive the notice of lodgment of a proposed order served by the Trustee on June 6, 2019.  Also, Debtor never states in his declaration that he started checking on whether the court had entered the order after he left the hearing on the motion on May 28, 2019 in protest before the hearing was concluded and the court had orally announced its ruling granting in part and denying in part the Trustee's motion, which in turn allowed in part and disallowed in part Debtor's claim.  Debtor was thus on notice that the order likely would be at least partially adverse to him as of May 28, 2019.  However, Debtor was entitled to notice of a copy of the order, and if he says he did not get a copy in time, the court will take him at his word under these circumstances.

     The motion is hereby granted, and the deadline for Debtor to file a notice of appeal is hereby extended to **July 26, 2019**.

     IT IS SO ORDERED.

**###**

Date: July 8, 2019

_____
Robert Kwan
United States Bankruptcy Judge